## DEMERITT v. MESERVE.

The admissions of a special agent are not competent evidence against the principal, unless upon some point within the scope of his authority, and made while the matter was depending.

ASSUMPSIT, on account annexed, for a water-wheel, and labor in putting it in. The plaintiff had built a saw-mill for the defendants, and had put in a water-wheel, which, not proving satisfactory to the defendants, they requested one Spinney to notify him to put in another, which he did. The mill was in the occupation of Spinney, and while the plaintiff was putting in the wheel the defendants told Spinney to put on help and they would pay the bills, which he did, and the bills were made out by Spinney against the defendants and they paid them, and charged them to the plaintiff in the off-set which they filed. The plaintiff was not present, and did not take charge of the work of putting in the wheel, but employed one Currier to do it, and told Spinney to help him, or employ other help, and he would pay the bills. The plaintiff paid Currier and furnished the wheel. The other bills were paid by the defendants.

The defence was that when the plaintiff built the mill he put in a certain wheel, and agreed that if it did not prove sufficient he would take it out and put in another at

his own expense. To prove that the defendants were to pay for putting in the second wheel, the plaintiff offered an unreceipted bill, made out by Spinney against the defendants, in favor of Currier. There was no evidence that the bill was ever presented to the defendants, or that they had been requested to pay it, or that Spinney was the agent, or had any authority to act in the premises, except as before stated. The plaintiff's counsel pressed the admission of said bill, and the court allowed them to put it in, subject to the defendants' exception. The jury found a verdict for the plaintiff, which the defendants moved to set aside, for the cause aforesaid; and the questions were transferred to this court.

*Christie,* for the defendants.

1. We know of no principle or rule of evidence under which the unreceipted bill made out by Spinney can be held admissible. It was not made by the direction or with the knowledge of the defendants, or either of them, nor had they ever seen it, or in any way assented to or adopted it as their act. Spinney was not their agent to hire Currier, or to pay him, or for any purpose connected with Currier or his services. The plaintiff had, on his own account, employed Currier, and set him to work at putting in the second wheel. Spinney was the tenant and occupant of the mill under the defendants, and he and they desired that the mill should be stopped as short a time as might be; hence the defendants told Spinney to put on help to aid Currier, so that the job might be the more speedily completed. They told Spinney that they would pay the help he should thus put on, and they did; but they did not authorize Spinney to employ Currier on their account, or on any account, nor did he in any way employ or engage Currier. On the contrary, the plaintiff had engaged Currier, and set him to work to put in a new wheel, before the defendants authorized Spinney to do any thing,

Demeritt v. Meserve.

and then they only authorized him to put on help to aid Currier. Spinney's act, then, in making out said bill, was not within the scope of any authority he had from the defendants. In order that an admission or any act of an agent may be evidence against his principal, it must relate to the subject matter of his agency, and be within the scope of his authority. *Woods* v. *Banks*, 14 N. H. 101.

2. The illegal admission of the bill is good cause for setting aside the verdict. *Winkley* v. *Foye*, 28 N. H. 513.

*Wheeler*, for the plaintiff.

It seems that Spinney was the defendants' agent, but to what extent the case does not clearly show. He was in the occupation of the mill; he called upon the plaintiff to put in this wheel; he employed help about this same work; made out the bills for their labor; and, it would seem, was the defendants' general agent, superintending these repairs. The defendants were residents of Massachusetts, and were not probably at the mill during the progress of the work, and for some time previous or subsequent. They left this matter all with Spinney. The extent of his authority as agent was a matter for the jury to pass upon, from the whole evidence in the case, under proper instructions from the court.

If they found that Spinney, in making this bill, was acting within his authority as agent, the bill was evidence proper for them to consider. If they found that he was not acting within his authority, they, of course, would give it no weight. In either case the evidence must have been received, for the court could not anticipate how the jury would determine the question of agency.

BELLOWS, J. The point at issue between the parties was, whether the plaintiff put in the second wheel under a contract to do so, if the other proved to be insufficient; or under a contract, express or implied, on the part of

the defendants, to pay what it was worth. The bill made by Spinney was offered as an admission that the wheel was put in under a contract to pay what it was worth. To render it competent, it should appear that Spinney was the agent of the defendants, acting within the scope of his authority, and while the transaction was depending. The point in controversy was the character of the contract, and, to make Spinney's declarations admissible, it should appear that he was the agent of the defendants, and authorized to make it. If so authorized, his statements, made at the time, *dum fervit opus*, would be competent.

The evidence in this case, however, as reported by the judge who tried the cause, does not show any authority to make such a contract. The facts, that Spinney occupied the mill, that he was authorized to hire help at the defendants' expense, to assist Currier in putting in the wheel, and that the defendants paid the bills made by Spinney for such help, are not sufficient to prove that Spinney was authorized to contract with the plaintiff for the wheel; nor could the jury, on these facts, or any facts reported, find such authority. The evidence did not legally tend to prove such agency.

The admissions of Spinney, then, cannot be regarded as the admissions of the defendants. *Woods* v. *Banks*, 14 N. H. 101, 113, 114; *Webster* v. *Clark*, 30 N. H. 245; 1 Gr. Ev., secs. 113, 114; Story on Agency, secs. 134–139; *Stiles* v. *Western Railroad*, 8 Met. 44 ; *Fairlee* v. *Hastings*, 10 Ves. 123, and cases cited in note (a); see 2 Cow. Phill. Ev., note 182, 180–189 ; *Haven* v. *Brown*, 7 Gr. 421.

The verdict must, therefore, be set aside, and a

*New trial granted.*